IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STEVEN M. MAYHEW,

    Plaintiff,

v.                                                                                    Case No.: 3:10cv511/MCR/EMT

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

    This lawsuit stems from an automobile accident in which the plaintiff allegedly was injured.  The plaintiff has filed a motion to amend the scheduling order to extend the expert designation deadline, which expired on March 1, 2011, so that he may designate Donna Archer, a life care planner and occupational therapist, as an expert witness to testify to the cost of anticipated future medical treatment (doc. 23).  In support of his request, the plaintiff states that his treating physician has opined that, at some point in the future, the plaintiff will need to undergo spinal fusion surgery as a result of injuries he sustained in the automobile accident at issue in this case.  In his deposition, however, the plaintiff's treating physician was unable to testify to the cost of that surgery or post-surgical treatment.  The surgeon who is to perform the procedure also was deposed.  Although plaintiff's counsel anticipated that the surgeon would be able to testify to all costs associated with the procedure, the surgeon testified during his deposition that he can provide only the amount of his fee and that of his assistant and has no knowledge of other costs associated with the surgery, such as hospital charges, ancillary medical services, or post-surgery treatment.  The plaintiff maintains that, without expert testimony from a life care planner regarding the costs of his anticipated future medical treatment, he will not be able to prove a significant portion of his damages claim.  The plaintiff thus urges the court to amend the scheduling

order and extend the expert designation deadline. The defendant opposes the motion.

Under Fed. R. Civ. P. 16(b)(4), the court's scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(4)(b).[1] Good cause requires a showing that the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 Advisory Committee's Note). Mere "'carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.'" *Will-burn Recording & Pub. Co. v. Universal Music Group Records*, No. 08-0387, 2009 WL 1118944, at *2 (S.D. Ala. 2009) (slip op.) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). In other words, the moving party cannot establish the diligence necessary to show good cause if it had full knowledge of the information before the scheduling deadline passed or if the party failed to seek the needed information before the deadline. *See S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241-42 n.3 (11th Cir. 2009). "A finding of lack of diligence on the part of the party seeking modification ends the good cause inquiry." *Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002); *see also Beauregard v. Continental Tire North America*, Inc., 2009 WL 464998, at *2 (M.D. Fla. Feb. 24, 2009) (slip op.) (quoting *Sosa* and the Advisory Committee's Notes for the proposition that "[a] finding of good cause is reserved for situations in which the schedule cannot be met despite the diligence of the party seeking the extension") (internal marks omitted). As the court noted in *Moyer v. Disney World Co.*, 146 F. Supp. 2d 1249, 1252 (M.D. Fla. 2000), "[a] Scheduling Order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Id.* (quoting *Payne v. Rider Sys., Inc. Long Term Disability Plan*, 173 F.R.D. 537, 540 (M.D. Fla. 1997)). "The object of Rule 16(b) is to 'assure that at some point . . . the pleadings will be fixed.'" *Vazquez v. LCM Inv. Group, Inc.*, 2006 WL 4835922, at *2 (M.D. Fla. Aug. 24, 2006) (citing Fed. R. Civ. P. 16 Advisory Committee's Note). "Recognizing the perils of disorderly litigation, '[t]he

---

[1] Rule 6.1 of this court's Local Rules also requires good cause for an extension of the expert designation deadline.

Case No: 3:10cv511/MCR/EMT

Eleventh Circuit has consistently held that motions filed after a deadline imposed by a court should be denied as untimely.'" *Moyer*, 146 F. Supp. 2d at 1252 (quoting *Payne*, 173 F.R.D. at 540).

The court considers three factors when deciding whether a party has been diligent in following a scheduling order, including (1) whether the party neglected to determine facts before filing pleadings or within discovery; (2) whether the subject matter of the motion for extension was readily available to the party, and (3) whether the party delayed filing the motion. *See Lord*, 223 F. Supp. 2d at 1277. As good cause for his failure to timely designate Archer, the plaintiff states that he has diligently pursued his claim, having designated both a vocational expert and a financial expert, and could not reasonably have foreseen that the plaintiff's physicians would be unable to testify to the costs associated with his anticipated future medial treatment.[2] As the defendant points out, however, the defendant's treating physician is not a surgeon. The plaintiff thus should have anticipated that he would not be able to testify to the costs associated with the spinal fusion surgery and consulted with the surgeon who was to perform the procedure in advance of the expert designation deadline. Had the plaintiff done so, he would have determined that the surgeon does not have such information at hand and either requested that the surgeon obtain the information, designated another expert witness to provide the information, or prepared to present the testimony of non-expert witnesses, which he still may do on leave of court. In short, the plaintiff simply failed to determine whether his treating physician or surgeon could testify to the costs of his anticipated spinal fusion surgery in advance of the expert designation deadline despite the fact that such information should have been readily available to him. Although the plaintiff filed the instant motion soon after discovering the oversight, given the facts of the case, the court cannot find good cause for the plaintiff's

---

[2] The plaintiff also argues that the defendant will not be prejudiced by the amendment because it has retained a vocational rehabilitation expert witness who is a certified life care planner and can testify as to the cost of future medical treatment. According to the plaintiff, even if the defendant's vocational expert was not qualified to testify in response to Archer, under the deadlines he proposes, the defendant would be granted sufficient time in which to retain another expert witness if it chose to do so. Finally, the plaintiff argues that the denial of his request would result in a manifest injustice because he would be unable to prove a significant portion of his damages claim.

Case No: 3:10cv511/MCR/EMT

failure to timely designate Archer.  Accordingly, the plaintiff's motion to amend the scheduling order (doc. 23) is DENIED.

**DONE AND ORDERED** this 22nd day of July, 2011.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS
CHIEF UNITED STATES DISTRICT JUDGE**